UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRODERICK J. WARFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ATTORNEY GENERAL STATE OF CALIFORNIA, et al.,<br><br>Defendant. | No. 2:21–cv–00157–KJM–KJN PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS<br><br>(ECF No. 1, 2) |

Plaintiff, who proceeds in this action without counsel, requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 2.)[1] Plaintiff's application in support of makes the showing required by the statute, and so the request to proceed IFP is granted.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. The court finds plaintiff's complaint is frivolous and seeks relief against immune defendants. Therefore, the court recommends that the action be dismissed with prejudice.

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1) for the entry of findings and recommendations. See Local Rule 304.

1

Legal Standard

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Further, to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) superseded on other grounds by statute as stated in

Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984). Nevertheless, leave to amend need not be granted when further amendment would be futile, as when the complaint contains legally frivolous claims. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

Analysis

Plaintiff purportedly pursues a breach of contract claim against Judge Nelson E. Bradley, the Attorney General of California, the Solano County District Attorney's Office, the Solano County Public Defender's Office, and the Solano County Superior Court. (See ECF No. 1.) Plaintiff claims to have had a written contract with defendants to have certain military and health records from the United States Air Force Hospital and Department of Defense returned to him by the Solano County Public Defender's Office. Allegedly, defendant's failure to return certain documents jeopardized plaintiff's Marsden motion and created a conflict of interest in plaintiff's underlying criminal case. Plaintiff seeks $500,000,000.00 in damages for emotional distress, cruel and unusual punishment, conflict of interest, duress, and pain and suffering. Additionally, plaintiff requests for all editorials allegedly defaming him to be omitted from the internet, to have all defendants removed from the State Bar Association, and for further sanctions to be issued. Plaintiff attached to his complaint an article describing events from 2018, where Judge Nelson required plaintiff to take psychotropic medication during his confinement at Napa State Hospital while plaintiff was awaiting disposition of pending criminal charges.

Here, the court finds plaintiff's complaint fails to state a claim that gives rise to federal jurisdiction. Plaintiff has only stated that he is attempting to bring a breach of contract claim, which is a state law claim and therefore does not qualify for Section 1331 jurisdiction. Further, all parties appear to be residents of California, precluding diversity jurisdiction under Section 1332. For these reasons, plaintiff's complaint should be dismissed.

1  Further, the court finds leave to amend need not be granted. Even if the court could construe plaintiff's complaint as giving rise to a federal claim for money damages (e.g. under 42 U.S.C. § 1983), the facts raised by plaintiff place this case squarely in the realm of absolute immunity and frivolity. Superior Court Judge Bradley has absolute judicial immunity for his official acts, and the Solano County Superior Court is a state agency for purposes of Eleventh Amendment immunity. Mireles v. Waco, 502 U.S. 9, 9-10 (1991); Greater L.A. Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987) (superseded by statute on other grounds). The Solano County District Attorney's Office, the Attorney General of California have immunity for actions taken within the scope of their adjudicatory duties. Imbler v. Pachtman, 424 U.S. 409, 421-24 (1976). Courts have found public defenders outside the scope of these federal claims when "performing a lawyer's traditional function[.]" Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981). As for plaintiff's injunctive and declaratory prayers requesting "all deframtion [sic] in editorials to be omitted from internet websites" and disbarment of "all those involved" has no legal basis, and would be frivolous for plaintiff to reassert. Neitzke, 490 U.S. at 325. Thus, further amendment would be futile. Cahill, 80 F.3d at 339.

**RECOMMENDATIONS**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's claims be DISMISSED, and leave to amend be DENIED; and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.

////
////
////

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

Dated: February 10, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

warf.157